## Edmunds et al. v. Philadelphia & Reading Railroad Company, Appellant.

*Common carriers—Shipments—Perishable freight — Loss—Evidence—Sufficiency.*

In an action to recover from a common carrier for the loss of part of a shipment of potatoes which were frozen, a judgment for the plaintiff will be sustained, where there is sufficient evidence to,

warrant the finding that the car containing the shipment was suitable for such purpose, that the potatoes were properly loaded, and that when the car arrived at its destination the doors had been tampered with and the bulkheads broken. Under such circumstances, a judgment in favor of the plaintiff for the value of the potatoes actually destroyed will be affirmed.

*Witnesses—Cross-examination—Objections.*

A refusal to allow the counsel for the defendant to introduce by way of cross-examination certain matters of defense is not error, especially where the defendant made the statement that he had no objections to making the witness his own witness, and did not afterwards do so, although he had the opportunity.

Argued October 4, 1920. Appeal, No. 6, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, March Session, 1919, No. 301, in favor of plaintiff in case tried by the court without a jury in the suit of Edward Edmunds and Edward S. Woodward, trading as E. S. Woodward & Company, v. Phila. & Reading Ry. Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass for loss of part of a carload of potatoes which were frozen. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $114.63 and entered judgment thereon. Defendant appealed.

*Errors assigned* were the refusal of certain requests for finding of fact and refusal to permit the cross-examination of the plaintiff's witnesses relative to certain matters which were not referred to in direct examination.

*George Gowen Parry,* for appellant.—There was not sufficient evidence to warrant a finding in favor of the plaintiff: Pennsylvania Co. v. Kenwood Bridge Co., 170

Ill. 645; 1 Moore on Carriers 193; Isdamer v. P. & R., 54 Pa. Superior Ct. 509.

A carrier is not liable for loss resulting from an inherent infirmity in perishable freight where there is no proof of facts giving rise to a presumption of negligence: 1 Moore on Carriers, 315; Sweetland v. B. & A. R. R. Co., 102 Mass. 276; Megraw v. B. & O. R. R., 18 West Va. 361.

*George P. Orr,* of *Conord, Middleton, and Orr,* for appellee.—Where loss or injury to goods while in the carrier's possession is shown, a prima facie case is made out against it: The Majestic, 166 U. S. 375; Lloyd v. Haugh, 223 Pa. 148; Crary v. Lehigh V. R. R., 203 Pa. 525; Buck v. P. R. R., 150 Pa. 170; Long v. P. R. R., 147 Pa. 343; Auto Mdse. Co. v. Del. & Hudson R. R. Co., 46 Pa. Superior Ct. 648.

OPINION BY HEAD, J., December 10, 1920:

The action was in trespass to recover damages resulting from the partial loss of a carload of potatoes delivered to the defendant, a common carrier, for transportation. The case was tried before a judge without a jury. The trial judge, therefore, became the trier of the facts. When he attached the seal of credibility to the testimony delivered by the plaintiffs' witness Siegfried, and others, it is manifest there was evidence to support the specific findings of fact upon which the general finding in favor of the plaintiffs could securely rest. It may be true the evidence did not amount to a demonstration of the facts, and exclude every possibility of a cause of injury other than the negligence of the defendant. In civil cases the law does not require proof to measure up to that standard. There was evidence that the car was loaded with 40,100 pounds of potatoes in good condition. There was evidence it was a proper car, with double doors and lined, so that perishable goods might be safely carried, even in cold weather. There was evidence these

potatoes had been bought by the plaintiffs' witness from farmers in the vicinity of the shipping station and had been brought in bags, in covered wagons, to his place of business, where the potatoes were weighed before being placed in the car.  There was evidence that a stove had been provided and kept burning in order that the car might be warm during the period it was being loaded when the doors would necessarily be open.  There was evidence that when the car arrived at its destination, the doors had been tampered with and the bulkheads that had been built to keep the potatoes away from the doors, had been broken down.

When the car arrived at destination and was opened, it was found that 1,940 pounds of the potatoes had been removed from the car during transportation; that the doors, which had been closed and sealed when the car started, were partially open, and that 4,610 pounds of the potatoes nearest the open door had been frozen and were worthless.  Fifteen hundred and ninety pounds were at first rejected by the consignee, but later on it was found they had not been injured and they, with the remaining 31,960 pounds, are not the subject of any controversy in this action.  Under these conditions the learned trial judge found the defendant company was liable to pay the value of the potatoes that had been taken from the car and of those that had been frozen and thus rendered worthless.  In the opinion which he files, he generally disposes of the various questions of law and fact, upon which the defendant requested specific findings, and he contents himself with broadly declaring that the findings whether of law or fact consistent with the opinion, were affirmed, and the others declined.  We have no doubt it would be a more satisfactory practice, even at the expense of a few minutes of additional time, to specifically affirm or deny the written requests for findings of fact and law, but as this was substantially done, it does not appear that any injury could have been

suffered by the defendant from such a disposition of the requests.

The ninth assignment of error complains of the action of the court in sustaining an objection to a certain line of cross-examination, and it exhibits a rather unusual situation. During the cross-examination of the plaintiffs' witness Siegfried, the court suggested to the defendant's counsel that he was traveling outside the line of the direct examination, the idea evidently being he was seeking to introduce matters of defense under guise of cross-examination. Defendant's counsel thought he had a right to proceed along the lines he was following. The plaintiffs' counsel then declared he believed the court to be right, but as the case was being tried before the court without a jury, he did not care how the evidence was brought out. Curiously enough, the defendant's counsel then declared he thought he could save time by continuing his examination, but added: "I have no objection in making him my witness." The court finally sustained the objection and the defendant did not subsequently call the witness, but assigns the action of the court for error. Under these circumstances we do not feel called upon to sustain such an assignment.

The assignments of error are overruled. The judgment is affirmed.